In re GRAVES.

(District Court, D. Vermont. July 31, 1908.)

No. 1,686.

**BANKRUPTCY—SECURED CREDITORS—SECURITY GIVEN BY THIRD PARTY.**

Bankr. Act July 1, 1898, c. 541, § 57h, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), providing for the valuation of securities held by secured creditors or their conversion into money, has no application to securities which were not the property of the bankrupt, but of a third party; and the fact that a creditor, holding the note of a corporation on which the bankrupt is indorser, sets forth in his proof of claim a mortgage given by the corporation as a security, does not give the court of bankruptcy jurisdiction over the mortgaged property, except to see that its proceeds are applied on the debt proved.

In Bankruptcy. On review of decision of referee.

O. M. Barber, for claimant.
J. K. Batchelder, for trustee.

MARTIN, District Judge. Graves, the bankrupt, filed his petition in bankruptcy October 6, 1905, and was adjudged a bankrupt on the following day. The claimant filed his proof as a secured debt Feb-

ruary 14, 1906. His claim is based upon an original note executed by the Vail Light & Lumber Company, secured by a mortgage on both real and personal estate of said company; and he also filed his submission in writing for the determination of the value of his security under subdivision "h," § 57, c. 541, under "An act to establish a uniform system of bankruptcy." Act July 1, 1898, c. 541, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443). This note is dated January 17, 1902, and given for the sum of $35,000 to the order of A. L. Graves, the bankrupt, and J. D. S. Packer, with interest. The note was indorsed by both Graves and Packer, and was reduced by payments so that there was due, September 30, 1905, $20,579.51. Said mortgage was given by the Vail Light & Lumber Company to Graves and Packer, under date of January 17, 1902, to secure payment of said note and to "save said grantees harmless from all loss, costs, damage, and expense, by reason of indorsing said note, or renewal thereof, or any part thereof." Said mortgage was assigned by said Graves & Packer to the claimant September 11, 1903. The Vail Light & Lumber Company is a corporation of which said bankrupt, Graves, and said Packer, were stockholders and directors. Prior to the filing of the petition of said Graves in bankruptcy, the claimant brought foreclosure of said mortgage in the state court under date of August 21, 1905, and joined therein as parties defendant said Vail Light & Lumber Company and one Hadley and one Simonds, who were then tenants under the Vail Light & Lumber Company, under a contract to occupy and improve the property of the said company, with a right of purchase of the equity therein. Service was made on the defendants, August 22, 1905, and entered by special leave in said court October 2, 1905. Petition taken as confessed and decree entered on the same day in accordance with a stipulation, which decree provided for the payment of $5,000 and costs on or before the 1st day of December, 1905, and the balance at a later time. The proof of the claimant's debt sets forth the facts relative to the foreclosure. No payment has been made, wherefore the title passed to the claimant December 1, 1905. The claimant advertised said property at public auction, and on June 29, 1908, sold it for the sum of $15,500.

On the 15th day of October, 1905, the claimant filed in the court of bankruptcy his petition for leave to amend his proof of claim, and therein set forth the fact that payments had been made, reducing the amount due on said note from $35,000 to $20,579.51; that the foreclosure proceedings had been consummated by a decree; that the defendants had failed to redeem; that the property covered by said mortgage was worth $15,500; that he had expended in the care, preservation of the property, foreclosing, advertising, and selling the same $350, and in taxes $850. The trustee filed objections to the proof of said claim, setting forth, among other things, that the claimant took his decree of foreclosure for the full amount claimed to be due upon said note; that he took possession of the property without the knowledge or consent of either the bankrupt, Graves, or Mr. Packer, and that he did not join either of these parties as defendants in his foreclosure; that after the decree became absolute, by the non-payment of $5,000 and costs, December 1, 1905, the claimant, while

in possession and control of said property, sold the same and appropriated the proceeds thereof to his own use, and all this without leave of the court of bankruptcy, notwithstanding that in the proof of his debt, filed February 14, 1906, he submitted his said mortgage security to the court of bankruptcy to be valued in accordance with said subdivision "h" of section 57 of the bankruptcy act of 1898; that the value of said property so taken under and by virtue of the decree of said court was more than the total amount due on said note, wherefore the claimant has been paid in full. There are many other objections set forth not necessary to be stated here.

It appears that the trustee consented to the allowance of the claimant's claim by the court of bankruptcy at $5,451.15, subject to the approval of the creditors and the court. A meeting of the creditors of the bankrupt, Graves, was called for the purpose of considering the same. Sixty-eight creditors have proven unsecured debts amounting to upwards of $33,000. Fifty-nine creditors, representing between $8,000 and $9,000, did not appear or vote upon said compromise. Nine creditors, representing $24,917.92, voted in favor of the compromise, and none against it. Subsequently the matter was submitted to the referee, who held that the property covered by the claimant's mortgage must be treated as assets of the bankrupt, and should have been administered under the provisions of said subdivision "h" of section 57, the same as though it was a part of the bankrupt's estate; that the claimant, having failed to follow the provisions of said act, has no standing in this court and declined to approve said compromise. He finds the property taken by the claimant is worth at least $18,000; that the claimant's sale of the property is a conversion, and, it being without leave of this court, also bars his right of recovery herein; that the proposed amendment in the proof of claim amounts to a new claim, and, it being nearly two years after the adjudication, is excluded by statute.

It is apparent that the assets covered by the claimant's mortgage cannot be administered by the trustee as the assets of Allen L. Graves, bankrupt. The mortgage was given by the Vail Light & Lumber Company, which is a corporation, and it covers the property only of that corporation. The referee assumes that, as the bankrupt Graves was a large stockholder, director, and creditor of that corporation, its property may be included as Graves' assets. Under this ruling any director, stockholder, or creditor of a corporation becoming bankrupt would bring into the court of bankruptcy the assets of the corporation. If this were so, and two or more creditors, directors, or stockholders should become bankrupt at the same time, serious difficulties would arise, as the trustee of each would demand the assets of the corporation, and, though the corporation might be solvent, the bankruptcy of any one of its stockholders or creditors might put it out of business.

The referee refers to the decision of this court in the case of Rutland County National Bank v. Graves (D. C.) 19 Am. Bankr. Rep. 446, 156 Fed. 168, as authority in this case. The question in that case was whether a payment made by the bankrupt, Graves, to the said Rutland County National Bank, within four months of bank-

ruptcy, was made with intent to prefer, and received under such circumstances as would charge the officers of the bank with knowledge of the bankrupt's insolvency at the time of the payment. In that case it appeared that the immediate cause of the insolvency of Mr. Graves was the burning of a valuable mill belonging to said corporation, the Vail Light & Lumber Company, after said claimed act of preference, and at a time when the bankrupt was the indorser of a large amount of the obligations of said corporation. The question then under discussion was one of intent on the part of the bankrupt in making the payment in question. The court then used this language:

"Counsel for the trustee forcibly and ably presented the theory that there must be added to the bankrupt's personal liabilities his liabilities on the Vail Light & Lumber Company notes, which amounted to many thousand dollars. I concur in this view; but [by clerical error it is printed "not"] even then the property of the Vail Light & Lumber Company may be treated as assets in considering Mr. Graves' intent in making the payment."

This is far from holding that the assets of the Vail Light & Lumber Company are to be administered by the trustee of said Graves' bankrupt estate, but far from it. Said subdivision "h" of section 57 reads as follows:

"The value of securities held by secured creditors shall be determined by converting same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation as the court may direct and the amount of such value shall be credited upon such claims and a dividend shall be paid only on the unpaid balance."

The only case cited by the referee that especially applies to the question of the application of property mortgaged by some outside party or a stranger to secure a note indorsed by a bankrupt that at all sustains the position of the referee in holding that the property of the Vail Light & Lumber Company, covered by claimant's mortgage, must be treated as the assets of the bankrupt, Graves, is In re Mertens (D. C.) 14 Am. Bankr. Rep. 226, 134 Fed. 101. This Mertens Case is a decision of the District Court. It was appealed and reversed by the Circuit Court of Appeals. 15 Am. Bankr. Rep. 362, 144 Fed. 818, 75 C. C. A. 548. Judge Wallace, speaking for the court, in his opinion states as follows:

"The provisions of the present bankrupt act requiring secured creditors to surrender preferences, and when the security is not preferential to have its value determined, as a condition precedent to the allowance of the claim, have no application to cases in which the security was not the property of the bankrupt. * * *"

In view of the language of Judge Wallace in the Mertens Case, it is useless to cite further authority; for that settles the law on this question in this circuit. In fact I can find no authority, under any statute like subdivision "h" of section 57, that holds that the court of bankruptcy may reject a claim secured by mortgage on the property of a stranger without bringing in the mortgaged property to be administered by the court of bankruptcy, except two or three cases under the Massachusetts state insolvency statute, and those cases

have been carefully considered by the federal court and held not to be authoritative. In re Cram, Fed. Cas. No. 3,343.

The fact that the claimant, in presenting his proof of claim, tendered the property of the Vail Light & Lumber Company covered by his mortgage to the consideration of the bankrupt court, can have no effect, because such an act does not give the court jurisdiction of the property, so long as there are other rights involved. There were tenants, other stockholders, and creditors of said corporation having an interest in that property. The court of bankruptcy could not foreclose these rights. Besides, foreclosure proceedings were pending in the state court when Mr. Graves filed his petition and was adjudged a bankrupt. It was perfectly proper for the claimant to proceed with his foreclosure to a decree. Had he asked leave of the court of bankruptcy to have done so, he would have been informed that the bankruptcy court had no jurisdiction over that property, so far as its title was concerned, except to ascertain its value and see to its proper application in payment on the note so indorsed by the bankrupt whenever said note may come under its jurisdiction by presentment for allowance against the bankrupt. The court of bankruptcy, in the exercise of its equitable powers, may refuse the claimant any right to share, or may reduce the amount upon which he may take contribution, in dividends, on the ground that he has obtained satisfaction, in whole or in part, out of property pledged as collateral security by some third person. Mr. Clement was entitled to prove his claim for the amount due thereon; but, having foreclosed on the property of another and obtained full and complete title thereto, he should have dividends only on the balance after deducting the value of the mortgaged property which he has received from said corporation, which is his principal debtor. It being made to appear by the finding of the referee that said mortgaged property is worth at least $18,000, this court should not and does not reverse the referee in the exercise of his discretion in declining to confirm said compromise.

The cause is referred back to the referee to find the balance due on said note after deducting the value of the property covered by said mortgage and taken under said decree. If the counsel for the trustee and the counsel for the claimant agree as to what that balance should be, the referee is instructed to report that fact, with the amount agreed upon, to the court.